OPINION OF THE COURT
Allan Dixon, J.
A unique question has been posed in this matter, which the court must briefly address. By order signed October 30, 1980, sole possession of the marital residence of the parties was granted to E. Philip Briscoe. It seems that recently certain income tax returns which were being prepared by Mr. Briscoe have turned up missing from the residence. The issue was presented to this court concerning the possibility that Mrs. Briscoe may have removed the returns. In an effort to ascertain if this is fact, the court attempted to ask Mrs. Briscoe if she took the returns.
Mrs. Briscoe refused to answer, raising the privilege against self incrimination contained in the Fifth Amendment of the Constitution of the United States of America. The court reserved decision on whether this privilege was properly raised and further reserved on setting a date for a future hearing until this issue is resolved.
From Mr. Briscoe’s statements in court, it would appear that the returns he was preparing were joint returns for the years 1978 through 1980. Since the joint returns would require the signature of Mrs. Briscoe, and since she would be jointly liable for any tax liability and joint beneficiary of any refund, it would not be possible for her to have commit *1021 ted any crime. Therefore, there is no need for her to invoke the Fifth Amendment.
If she did take the returns, she is directed by this decision to return the same forthwith. This may be accomplished by Mrs. Briscoe giving the returns to her attorney who should proceed to give them to the attorney for Mr. Briscoe.
The matter is set down for a further hearing on January 6, 1982 at 2:30 o’clock in the afternoon of that day.